IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
WEST VIRGINIA
At Charleston

H. F. Salsbery,

        Plaintiff,

VS.                                  Case No.  2:13-cv-26419

Verizon Wireless (VAW), LLC, Cellco Partnership d/b/a
Verizon Wireless, and John Doe Collection
Agency/Other Entity,

        Defendants.

## COMPLAINT

NOW COMES, the plaintiff, H. F. Salsbery, by and through his counsel, David A. Jividen and Jividen Law Offices, PLLC, and for his Complaint against the defendants, Verizon Wireless (VAW), LLC, Cellco Partnership d/b/a Verizon Wireless, and John Doe Collection Agency/Other Entity, hereby alleges as follows:

### Parties and Jurisdiction

1.      The plaintiff, H. F. Salsbery, is a natural person and has been at all times material and relevant a resident of Charleston, Kanawha County, West Virginia.

2.      The defendant, Verizon Wireless (VAW), LLC, is a Delaware business entity with a principle place of business of 1 Verizon Way, Basking Ridge, NJ 07920, and which is licensed to do business in West Virginia, upon information and belief, does business in the State of West Virginia, and has an agent of process in West Virginia of CT Corporation System, 5400 D Big Tyler Road, Charleston, WV 25313.

3.      The defendant, Cellco Partnership d/b/a Verizon Wireless, is, upon information and belief, a Delaware partnership with a principle place of business of 1 Verizon Way,

Basking Ridge, NJ 07920, and, upon information and belief, does business in the State of West Virginia.

4.     The defendant, John Doe Collection Agency/Other Entity, is an unknown entity or entities which may have made one or more of the collections calls herein and which also may be a parent, sister, subsidiary, or other entity related to defendant, Verizon Wireless (VAW), LLC and/or defendant, Cellco Partnership d/b/a Verizon Wireless, and which may further including any entity contracted by or acting as agent of defendant, Verizon Wireless (VAW), LLC, and/or defendant, Cellco Partnership d/b/a Verizon Wireless, and/or any and all of their relative entities, and/or to which the subject account was sold for the purposes of collection.  To the extent that any acts and/or omissions of an unknown defendant or defendants, John Doe Collection Agency/Other Entity, occurred, those acts, upon information and belief, were conducted as an agent and/or representative of one or both of the co-defendants.

5.     The United States District Court for the Southern District of West Virginia may exercise jurisdiction over the plaintiffs' claims by virtue of federal question jurisdiction pursuant to 28 U.S.C. § 1331, Mims v. Arrow Fin. Services, LLC, 132 S.Ct. 740 (2012) and the supplemental jurisdiction, 28 U.S.C. § 1367, of the Court.

6.     The United States District Court for the Southern District of West Virginia is a proper venue for this action insofar as the plaintiff resides here and the substantial portion of the act and/or omissions occurred here, and/or one or more of the defendants transact business here.

**Factual Allegations**

7.    Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

8.    Defendants are, and at all relevant times were, a "person" as defined by 47 U.S.C. § 153(39).

9.    The plaintiff, H. F. Salsbery, is/was a customer of defendants, Verizon Wireless (VAW), LLC, and/or Cellco Partnership d/b/a Verizon Wireless, and acquired cellular phone service pursuant to a service contract with defendant(s).

10.    During the course of said service contract, defendants, Verizon Wireless (VAW), LLC, and/or Cellco Partnership d/b/a Verizon Wireless, improperly charged the plaintiff, H. F. Salsbery, for services which the plaintiff did not contract or request.

11.    Throughout the course of said service contract, the plaintiff, H. F. Salsbery, complained to defendants, Verizon Wireless (VAW), LLC, and/or Cellco Partnership d/b/a Verizon Wireless, and/or one of their relative entities, about the aforesaid improper charges and refused to pay for the same.

12.    Upon information or belief, the defendants, Verizon Wireless (VAW), LLC, and/or Cellco Partnership d/b/a Verizon Wireless, instructed that in October or November of 2012 it transferred for collection the account in relation to the disputed improper charge.  Defendants, Verizon Wireless (VAW), LLC, and/or Cellco Partnership d/b/a Verizon Wireless, would not provide additional information regarding the identity of this collections entity and, to the extent that one was involved, it could be a corporation or entity related to the defendant or a third-party collection agency.  As such, the entity or entities is/are referred to herein as defendant, John Doe Collection Agency/Other Entity.

13.     After being instructed that the debt for the improper charges was being disputed, in late October or early November 2012, the defendants, Verizon Wireless (VAW), LLC, and/or Cellco Partnership d/b/a Verizon Wireless, and/or defendant, John Doe Collection Agency/Corporation, began sending harassing, annoying, and oppressive automated telephone calls (hereinafter referred to as "robo-calls") to the plaintiff H. F. Salsbery's cell phone at telephone number (304) 545-0067.

14.     Plaintiff has had this cellular telephone number for a number of years, and does not believe that it was ever ported from a wireline service.

15.     At all times relevant, this phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

16.     During the first several "robo-calls," the plaintiff, H. F. Salsbery, waited on hold until a live person (believed to be an agent, employee, and/or representative of the defendants) answered the "robo-call" from the defendants' end, and thereafter instructed the defendant(s) that he disputed the improper charges being collected, that he was not paying the improper charge, and instructed the defendant(s) to cease and desist further collections calls.

17.     The plaintiff's aforesaid conversations with the defendant(s) expressly revoked any prior consent to receive calls placed to his cellular telephone, to the extent that the same even existed prior.

18.     Despite these clear instructions, the aforementioned "robo-calls" continued for the next three (3) to four (4) months and occurred approximately every day of the week, except Sunday, and once in the morning and once in the evening each of those days. The plaintiff does not recall receiving these calls on Christmas or New Years Day.

19.     Upon information and belief, by February 15, 2013, the plaintiff, H. F. Salsbery, has received, at a minimum, approximately ninety (90) "robo-calls" to his cell phone by or on behalf of the defendant(s).

20.     The aforesaid "robo-calls" purportedly generated from numerous telephone numbers with a Pittsburgh, Pennsylvania area code and exchange, including, but certainly not limited to, (412) 802-9245, (412) 802-9250, (412) 802-9252, (412) 802-9263, (412) 802-9065, and (412) 802-9068.

21.     After several months of incessant "robo-calls" to his cell phone, on February 15, 2013, plaintiff, H. F. Salsbery, delivered correspondence to defendants, Verizon Wireless (VAW), LLC and/or Cellco Partnership d/b/a Verizon Wireless and/or one of its relative entities, complaining of the improper "robo-calls" and demanding relief under federal and state law for the same.

22.     On February 21, 2013, the plaintiff, H. F. Salsbery, delivered correspondence to defendants, Verizon Wireless (VAW), LLC and/or Cellco Partnership d/b/a Verizon Wireless and/or one of its relative entities, complaining of nine (9) additional "robo-calls" since his February 15, 2013 correspondence.    The plaintiff's aforesaid correspondence reified his prior express revocation of consent to receive calls to his cellular telephone, to the extent the same existed prior.

23.     On or about February 28, 2013, the plaintiff, H. F. Salsbery, received a phone call from a woman who identified herself as "Wendy from Verizon," who is, upon information and belief, an agent, employee, and/or representative of the defendant(s), and who left a contact number of (412) 266-7389. She advised the plaintiff that the defendant was aware of the problem and that she was investigating the matter.

24.     Despite the foregoing response of the defendant(s), the plaintiff, H. F. Salsbery, had received a "robo-call" the morning of her call and a "robo-call" within minutes of her call. The plaintiff attempted three (3) times to call "Wendy at Verizon" at the foresaid number provided, but was met with a busy signal on each attempt.

25.     On March 1, 2013, the plaintiff, H. F. Salsbery, delivered correspondence to the defendant(s) advising them of the foregoing and of the fact that, by this date, he had received a running total of approximately one hundred and thirteen (113) "robo-calls."

26.     Following the delivery of this correspondence, the plaintiff, H. F. Salsbery, had several conversations with "Wendy of Verizon" regarding the harassing, annoying, and oppressive series of "robo-calls." During their March 4, 2013 conversation, "Wendy of Verizon," amongst other things, instructed the plaintiff for the first time that their conversations had been recorded. The plaintiff declined to be recorded and requested copies of all recorded conversations, which he was never provided.

27.     Following the aforesaid conversation, during the first week of March 2013, the plaintiff, H. F. Salsbery, received a call from an individual named, Dan Marcus, who is, upon information and belief, an agent, employee, and/or representative of the defendant(s). Mr. Marcus, amongst other things, advised the plaintiff that his account has allegedly been sold to an undisclosed "collection agency" in mid-November of 2012. During this call, the plaintiff was instructed that he could be provided a copy of all records reflecting phone calls to his cell phone.

28.     Despite the aforesaid communications and instructions, the plaintiff, H. F. Salsbery, received another "robo-call" on March 5, 2013.

29.     On March 5, 2013, the plaintiff, H. F. Salsbery, delivered correspondence to "Wendy at Verizon" reflecting the foregoing events and therein specifically requested a copy of all calls to his cell phone number.  To date, the plaintiff has not been provided these copies thereby rendering the plaintiff incapable of setting forth his allegations with any greater specificity.

30.     Upon information and belief, the plaintiff, H. F. Salsbery, between late October or early November of 2012 through March of 2013, received a minimum of one hundred and fifteen (115) "robo-calls" to his cell phone from one or more of the defendants in reference to the plaintiff's disputed charge to his Verizon Wireless account.

## COUNT I

### _Violations of the Telephone Consumer Protection Act of 1991, as Amended (TCPA)_

31.     The plaintiff hereby incorporates by reference paragraphs one (1) through thirty (30) as if set forth fully herein.

32.     Pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), the _Telephone Consumer Protection Act of 1991_, as amended, bans the use of "any automatic telephone dialing system" to call "any....cellular telephone service." _See_ Gager v. Dell Financial Services, LLC, ___F.3d___, 2013 WL 4463305 (3rd Cir., Aug. 22, 2013).

33.     Upon information and belief, the industry standard for collection calls is to use automated dialers. Therefore, it is believed, and therefore averred, that the calls made to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice.

34.    Upon information and belief, the plaintiff, H. F. Salsbery, did not provide prior express or implied consent to the defendant(s) to place automatic telephone dialing system calls, including regarding the improper charges to his Verizon Wireless account.

35.    To the extent that express or implied consent to place automatic telephone dialing system calls may be construed by the Court to have been provided by the plaintiff, H. F. Salsbery, said prior consent was revoked by the plaintiff prior to placement of and/or upon the placement of the series of harassing, annoying, and oppressive "robo-calls" starting in late October or early November of 2012 through March of 2013.

36.    Nevertheless, the defendant(s) caused an automatic telephone dialing system to place calls to the cellular telephone of the plaintiff, H. F. Salsbery, in violation of the TCPA, an unknown number of times but which is believed to total at least one hundred and fifteen (115), each of which is a separate and distinct violation of the TCPA for which the defendants are strictly liable.

37.    These telephone calls were not made for "emergency purposes", as defined in 47 C.F.R. § 64.1200.

38.    The plaintiff, H. F. Salsbery, is entitled to collect the statutory penalty of Five Hundred Dollars ($500.00) for each and every violation of the TCPA by the defendant(s).

### COUNT II

### Willful or Knowing Violation of the *Telephone Consumer Protection Act of 1991, as amended*

39.    The plaintiff hereby incorporates by reference paragraphs one (1) through thirty-eight (38) as if set forth fully herein.

40.    The aforesaid telephone calls were made to the plaintiff's cellular telephone in the course of collecting a disputed debt and after the plaintiff had expressly disclaimed

liability for the debt and instructed the defendant(s) to have no further contact with him regarding the same.

41. The defendant(s) intended to place these calls to the plaintiff, H. F. Salsbery, in order to collect the aforementioned disputed debt.

42. Moreover, the defendant(s) continued to place these calls even after being informed to cease and desist the same.

43. Accordingly, the acts and/or omissions of the defendant(s) in causing the aforesaid violations of the TCPA were done either willfully or knowingly.

44. To the extent that aforesaid calls by the defendant(s) were either willful or knowing, the plaintiff, H. F. Salsbery, is entitled under the TCPA to an enhanced award of treble damages against the defendant(s) totaling One Thousand Five Hundred Dollars ($1,500.00) for each separate violation.

## COUNT III

### Permanent Injunction Under the *Telephone Consumer Protection Act of 1991, as amended*

45. The plaintiff hereby incorporates by reference paragraphs one (1) through forty-four (44) as if set forth fully herein.

46. Plaintiff is entitled to injunctive relief to prohibit such further conduct from Defendant(s).

47. Plaintiff requests that the Court permanently enjoin Defendant(s) from making calls to cell phones using an artificial voice, a prerecorded voice, or an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), unless they are made for

emergency purposes or Defendant(s) can show that it had the recipients express consent at the time that it placed the call.

## COUNT IV

### Violations of the *West Virginia Consumer Credit and Protection Act* (WVCCPA)

48.    The plaintiff hereby incorporates by reference paragraphs one (1) through forty-seven (47) as if set forth fully herein.

49.    Pursuant to the *West Virginia Consumer Credit and Protection Act (WVCCPA)*, W.Va. Code § 46A-1-1, *et seq.*

50.    Pursuant to the WVCCPA, W.Va. Code § 46A-2-125, "No debt collector shall unreasonably oppress or abuse any person in connection with the collection of or attempt to collect any claim alleged to be due and owing by that person or another."

51.    The placement of telephone calls without disclosure of the caller's identity and with the intent to annoy, harass or threaten any person at the called number; causing expense to any person in the form of long distance telephone tolls, telegram fees or other charges incurred by a medium of communication, by concealment of the true purpose of the communication; and causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously, or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number, are all deemed to violate the dictates of W.Va. Code § 46A-2-125.

52.    The aforesaid telephone calls were made to the plaintiff's cellular telephone in the course of collecting a disputed debt and after the plaintiff had expressly disclaimed liability for the debt and instructed the defendant(s) to have no further contact with him

regarding the same, and utilized "robo calls" to persistently contact the plaintiff in reference to the same.

53.     The acts and/or omissions of the defendant(s) were in violation of W.Va. Code § 46A-2-125 and the *West Virginia Consumer Credit Protection Act,* and its various other provisions.

54.     The plaintiff is entitled to recover from the defendant(s) the statutory penalty for each and every act of the defendant in violation of the *West Virginia Consumer Credit Protection Act,*, adjusted for inflation, and any all damages occasioned by the defendant(s)' conduct, including, but not limited to, general damages, damages for annoyance and inconvenience, and any and all economic losses.

55.     The acts and/or omissions of the defendant(s) entitle the plaintiff to an award of attorney's fees, costs, and fees, pursuant to W.Va. Code § 46A-5-104.

56.     To the extent that the acts and/or omissions of the defendant(s) were willful, and to the extent that the alleged debt, while disputed, may exist, the same should be cancelled due to the defendant(s)' willful violations, pursuant to W.Va. Code § 46A-5-105.

**WHEREFORE**, the plaintiff, H. F. Salsbery, by and through his counsel, David A. Jividen and Jividen Law Offices, PLLC, hereby demands judgment against the defendants, jointly and severally, for the violations of law herein and further demands any and all statutory relief and damages, including attorney's fees and costs, where allowable, for each and every violation of law on the part of the defendants herein, and for such additional favorable relief as the Court deems just and appropriate, including an

injunction preventing the defendant(s) from further contact regarding the subject disputed debt.

## A JURY TRIAL IS DEMANDED ON ALL ISSUES.

Respectfully submitted,

H. F. SALSBERY, Plaintiff,

BY:

_____

DAVID A. JIVIDEN, ESQUIRE (#1889)
JIVIDEN LAW OFFICES, PLLC
729 N. Main Street
Wheeling, WV 26003
(304) 232-8888
(304) 232-8555 fax

*Of counsel for claimant, Harold F. "Trigg" Salsbery*